## Mathew J. Moynahan v. Ellen Connor.

*Evidence: Borrowed money : Payment to third person.* In an action to recover back money loaned, where the plaintiff's testimony was that she personally procured the money from one to whom it had before been loaned on a promissory note, and loaned it to defendant, and the defendant's testimony was that he dealt exclusively with plaintiff's daughter, from whom he procured said note with plaintiff's endorsement upon it, and collected the money, under an arrangement with such daughter to borrow the money of her, the exclusion of evidence that defendant had used the fund so received by him for the benefit of such daughter, is held not erroneous.

*Requests to charge : Hypothesis : Evidence.* A request to charge in such case, that if the money belonged to plaintiff, but she gave it to defendant to be applied for the benefit of her daughter in any way, and it was so applied, the plaintiff could not recover, is held inappropriate to the case, inasmuch as it is based upon an hypothesis which is not supported by the evidence on either side.

*Requests to charge : Assumed state of facts.* The refusal of a request to charge which is based upon an assumption which is repugnant to the grounds taken by either party, as displayed by their proofs, is not error.

*Submitted on briefs July 17. Decided July 24.*

Error to the Superior Court of Detroit.

*Henry M. Cheever* and *T. Romeyn,* for plaintiff in error.

*Moore & Griffin,* for defendant in error.

GRAVES, CH. J.

On the 23d day of December, 1871, Mrs. Connor left with Joseph Kuhn two thousand one hundred and fifty dollars, and took from him his promissory note for the amount, payable to herself or order at his office in Detroit in six months, with interest at seven per cent.

The plaintiff in error was her son-in-law, or rather had been, his wife having died. Another daughter of Mrs. Connor was Mary Griffin, the wife of Thomas Griffin. This lady was living at the time of the transaction in question, but died, it would seem, before the present dispute arose. On the 23d of February, 1872, and while Mrs. Griffin was living, the plaintiff in error was found in possession of this

note with Mrs. Connor's endorsement upon it, and by arrangement between himself and Mr. Kuhn he obtained the face of it on throwing off the accrued interest. Mrs. Connor subsequently claimed that the proceeds of the note were lent by her to Mr. Moynahan, and the latter, contending that he dealt exclusively with Mrs. Griffin, who was now dead, and that Mrs. Connor had no legal claim upon him, this suit was brought to recover the amount with interest; and on the trial in the superior court the jury sustained the claim of Mrs. Connor.

The plaintiff in error contends that the court erred in some of its rulings in rejecting evidence, and in refusing some directions which were requested.

The theory of Mrs. Connor's case, and which the evidence in her behalf tended to maintain, was, that the money she left with Mr. Kuhn was her money, that the note she received belonged to her, and that she surrendered the note to Mr. Kuhn in order to get the proceeds to loan to the plaintiff in error, and that in fact she did loan them to him.

The scheme of the defense, as it appears to have developed itself on the trial, and to which the testimony on that side unmistakably pointed, was, that the money left by Mrs. Connor with Mr. Kuhn belonged, not to her, but to Mrs. Griffin, and that he dealt exclusively with that lady, and not at all with Mrs. Connor, whom he did not know in the transaction; that he received the note from Mrs. Griffin and not from Mrs. Connor; that Mrs. Griffin procured it to be indorsed, and that he obtained the proceeds as her money, and under her authority and permission.

There was no dispute about some of the leading facts: That Mrs. Connor left the money with Mr. Kuhn and received his note therefor running to herself, as stated; and that the proceeds (less the accrued interest) were received by Mr. Moynahan on his presentment of the note with her endorsement upon it, was not at all controverted. These circumstances were conceded virtually. Upon some other

points, however, the proofs were flatly contradictory.   Mrs. Connor testified that she agreed with Mr. Moynahan to let him have the money called for by the note; that she went with him to Mr. Kuhn's office, and carried the note; that she there endorsed it to enable him to receive the money upon it, pursuant to her arrangement with him, and that he then got the money on it, according to that arrangement.

On the contrary, Mr. Moynahan testified that he had nothing whatever to do with Mrs. Connor; that she did not go to the office with him, and that she did not take the note there.   He insisted that in getting the note he dealt exclusively with Mrs. Griffin; that she furnished him the note with Mrs. Connor's endorsement on it, and authorized him to get the proceeds; that he took the note himself to the office, and, individually, and under Mrs. Griffin's authority, and under the assumption and in the belief that the note was her property, arranged to get the proceeds, and obtained them accordingly.

These opposing statements and pretensions explain the real positions occupied by the parties, and keeping them in view, we come to the first point in the case.   The plaintiff in error was not allowed to testify that he used the fund for Mrs. Griffin's benefit.   He now urges that he was entitled to show this.   The court think that the exclusion of this offer is not a ground of error.   When we consider the positions assumed respectively by the parties, it would seem to have been unimportant for the defendant to show that he used the fund for the benefit of Mrs. Griffin.   If Mrs. Connor's explanation of the matter was established, if it was found that the proceeds of the note were received by defendant under an agreement with her to loan them to him, as she testified, it was of no consequence in this case whether he used or did not use them for the advantage of a third party; and, on the other hand, unless her explanation was found to be true, she could not succeed, whatever may have been the application of the fund.   And the defendant's testimony and the drift of his defense were directed to an-

tagonize and discredit her explanation and theory of the transaction. And the use he proposed to show he made of the fund was not legally adapted to impair her explanation.

The defendant asked a charge, that, if the money belonged to Mrs. Connor, but she gave it to defendant to be applied for the benefit of her daughter, Mary Griffin, in *any way*, and it was so applied, the plaintiff could not recover. This was refused. The ruling was proper. The request was not appropriate to the case. The course of inquiry on neither side imported that the controversy was subject to be considered in any such light; and the positive testimony of Mr. Moynahan directly militated against a view of that kind. He swore positively that he borrowed the money of Mrs. Griffin, and that he did not borrow a dollar of it of Mrs. Connor. He also stated that the money left with Mr. Kuhn, and for which the note was given, was placed in *Mrs. Connor's hands by Mrs. Griffin for fear the boys would steal it.* It is quite impossible to reconcile this with the assumption that *Mrs. Connor, as the owner of the money,* gave it over to defendant in order to be used for the benefit of Mrs. Griffin.

There was no error in refusing the fourth request. By that request the plaintiff in error assumed a state of facts tending to show an agreement between Mrs. Connor and Mrs. Griffin that the proceeds of the note, though belonging to Mrs. Connor, might be used and treated as the property of Mrs. Griffin.

The grounds of the respective parties in the litigation, as displayed by their proofs, were repugnant to such an assumption. The positive testimony given by Mrs. Connor and Mr. Moynahan forbade the suggested hypothesis. There was no room for supposing that the transaction was *governed* by such an agreement, because there was no room for any finding that Mrs. Connor and Mrs. Griffin *made such an agreement.*

The charge was very full and fair, and quite as favorable to the defendant below as the case would justify.

There is no error, and the judgment should be affirmed, with costs.

COOLEY and CHRISTIANCY, JJ., concurred.

CAMPBELL, J.

I think the testimony in the case, of Kuhn, Moynahan and Griffin, was such as would have justified the jury, if they had been satisfied with it, to find that Moynahan received the note from Mrs. Griffin, and had a right to rely on her authority to dispose of its proceeds, either as owner or by permission of Mrs. Connor, for her own benefit.

If this were so, then payment by Moynahan to Mrs. Griffin would have discharged him. I think the court erred in refusing to allow the charges based on this hypothesis.